U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

MARY PARKS,                          CIVIL ACTION
         Appellant

VERSUS                               NO. CV04-1997-M

JO ANNE B. BARNHART,                 MAGISTRATE JUDGE JAMES D. KIRK
COMMISSIONER OF SOCIAL SECURITY,
         Appellee

O P I N I O N

Mary Parks ("Parks") filed an application for disability insurance benefits ("DIB") on August 28, 2002, alleging a disability onset date of July 21, 2002 (Tr. p. 33) due to hyperlipidemia, diabetes, pancreatitis, and a ruptured cervical disc (Tr. p. 45). That application was denied by the Social Security Administration ("SSA") (Tr. p. 23).

A de novo hearing was held before an administrative law judge ("ALJ") on March 2, 2004, at which Parks appeared with an attorney and a witness (Tr. p. 331). The ALJ found that, although Parks suffers from "severe" hypertension, diabetes mellitus, familial hypertriglyceridemia, chronic pancreatitis, and degenerative disc disease of the cervical and lumbar spine, she has the residual functional capacity to perform light work except for work involving lifting more than twenty pounds overhead and, therefore, could still perform her past relevant work as an LPN at a prison and an adult mental home (Tr. pp. 16-17).

Parks requested review of the ALJ's decision, but the Appeals Council declined to review it (Tr. p. 3), and the ALJ's decision became the final decision of the Commissioner of Social security ("the Commissioner").

Parks then filed an appeal for judicial review of the Commissioner's decision. The parties have consented to proceed before the undersigned Magistrate Judge. Parks raises the following grounds for relief on appeal:

> 1. Whether the ALJ erred in emphasizing certain immaterial negative findings and assuming other negative findings, ignoring the positive evidence or giving little effect to the findings and other evidence.
>
> 2. Whether the ALJ erred in finding Parks has the functional capacity to do her prior work.
>
> 3. Whether the ALJ erred in finding Parks' allegations regarding her limitations are credible but not disabling to the extent alleged.

The Commissioner filed a brief in response to Parks' appeal. Parks' appeal is now before the court for disposition.

## Findings and Conclusions

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find that there is substantial evidence in the record as a whole to support the Commissioner's decision of non-disability and the Commissioner's decision comports with all relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

In fulfillment of Fed.R.Civ.P. rule 52, I note that the

Commissioner's findings and conclusions[1] put at issue by appellant are supported by substantial evidence, which can be outlined as follows.

No. 1 - Negative Findings

First, Parks contends the ALJ erred in emphasizing certain immaterial negative findings and assuming other negative findings, ignoring the positive evidence or giving little effect to the findings and other evidence. Specifically, Parks alleges that, to find Parks not disabled, the ALJ focused on such "negative" facts as "her lungs were clear," "she had positive vital signs," "otherwise within normal limits," "normal sinus rhythms," "no atrophic changes," "no return to the orthopaedic clinic shown," "she denied weight gain or loss, fevers, chills," and "the liver was not palpable." Parks argues the ALJ's positive findings were "diluted" by these "negative" findings, and that the ALJ failed to note the medical evidence showing Parks has a protruding disc.

The ALJ's "negative" findings are part of his summary statements of the evidence of record. They are not "negative" in any way except to the extent they may tend to disprove Parks' claim of disability. The ALJ was correct to take note of that evidence as part of the entire record.

Parks' further alleges the ALJ failed to note the evidence

---

[1] The relevant findings and conclusions are located in the administrative record at Transcript pages 10-17.

3

that she has a ruptured disc in her neck. However, that evidence states a cervical MRI taken in July 2002 showed she has a disc "protrusion or herniation" at C5-C6, and she was referred to LSU neurosurgery for that complaint (Tr. p. 89). There was not a definitive diagnosis of a herniated disc.

Parks was examined for her complaints of a ruptured disc in her neck that caused neck and shoulder pain in March 2003 by Dr. David Hebert, an internist, who found Parks' neck was supple without crepitation and had a fairly normal range of motion. X-rays of Parks' cervical spine showed a normal lordotic curve and anatomy, though with several of the cervical vertebrae having mild osteophyte formations; the disc spaces were well-preserved except at C5-C6, which was narrowed by about 50%, and there was end-plate roughening. Dr. Hebert concluded Parks has degenerative disc disease at the C5-C6 level and mild generalized osteoarthritis of the cervical spine causing a chronic cervical pain syndrome but not significantly affecting function of the cervical spine or the upper extremities (Tr. pp. 125-129).

An MRI of Parks' cervical spine taken in March 2004 showed anterior and posterior osteophyte formation at C4-5 and C5-6, with mild annular bulges at these levels and a mild narrowing of the canal, and hypertrophic changes of the uncovertebral joints resulting in marked bony encroachment on the right neuroforamin (Tr. p. 166).

Since the medical evidence does not show Parks has a herniated cervical disc, the ALJ was correct in not finding otherwise. For the same reason, Parks can not show that she meets Listing 1.04, Disorders of the spine. There is no evidence of nerve root compression or limitation of motion and motor loss, nor is there any imaging evidence of lumbar spinal stenosis.

Parks also claims the ALJ failed to consider all her symptoms including pain which are consistent with the objective medical evidence. The mere existence of pain is not an automatic ground for obtaining disability benefits. The factual determination of whether the claimant is able to work despite some pain is within the discretion of the Administrative Law Judge and will be upheld if supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). A claimant's symptoms, including pain, will be determined to diminish a claimant's capacity for basic work activities to the extent that the claimant's alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. §404.1529(c)(4). Subjective complaints of pain must be corroborated by objective medical evidence. Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2000). Although severe pain can constitute a nonexertional impairment, pain is a disabling condition only when it is constant, unremitting and wholly unresponsive to therapeutic treatment.

Chambliss, 269 F.3d at 522. While pain can be severe enough to create a disabling condition, the evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. Elzy v. Railroad Retirement Bd., 782 F.2d 1223, 1225 (5th Cir. 1986); Loya v. Heckler, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's decision on the severity of pain is entitled to considerable judicial deference. James v. Bowen, 793 F.2d 702, 706 (5th Cir. 1986); Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991); Wren v. Sullivan, 925 F.2d 123, 128-29 (5th Cir. 1991). Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints. Falco v. Shalala, 27 F.3d 162, 163-64 (5th Cir. 1994).

The ALJ made the following findings as to Parks' pain and credibility (Tr. p. 15):

> "The claimant's contentions of pain have been afforded full consideration. Unlike most medical conditions capable of supporting a finding of disability, pain cannot be objectively verified or measured. While the physical conditions causing pain can usually be objectively ascertained, the pain itself cannot. The Administrative Law Judge recognizes that the claimant may experience some degree of discomfort from time to time but this is not inconsistent with the performance of light work activity. Neither the objective medical evidence nor the testimony of the claimant establishes that the ability to function has been so severely

> impaired as to preclude all types of work activity.
>
> * * *
>
> "The Administrative Law Judge considered the claimant's alleges multiple severe impairments, which according to her caused significant limitations on her ability to perform all work-related activities. As explained, significant limitations have been assessed to the claimant's residual functional capacity, which allow for her subjective complaints and limitations. However, to the extent the claimant alleged being totally precluded from all work-related activities, these subjective complaints regarding the severity of limitations caused by her impairments are considered credible, but not disabling to the extent alleged."

Since the ALJ in this case has made the mandatory indication of the basis for his credibility choices concerning claimant's complaints, and since his choices are not unreasonable, his finding that Parks' pain would not prevent Parks from performing work is proper. <u>Carry v. Heckler</u>, 750 F.2d 479, 485-86 (5th Cir. 1985). Substantial evidence supports the Commissioner's conclusion that Parks is not disabled by pain.

Therefore, this ground for relief is meritless.

### Nos. 2 & 3 - Residual Functional Capacity

Next, Parks contends the ALJ erred in finding she has the residual functional capacity to do her prior job. Parks also claims the ALJ erred in finding her allegations regarding her limitations are credible but not disabling to the extent alleged.

Park's burden was to prove that she was disabled within the meaning of the Social Security Act. That requirement means that he must show a "medically determinable" impairment and that he is unable "to engage in substantial gainful activity." <u>Greenspan v.</u>

Shalala, 38 F.3d 232 (5th Cir. 1994); 20 C.F.R. §423(d)(1)(A) and (d)(3); 20 C.F.R. §404.1508; 42 U.S.C. §423(d)(1)(A). Residual functional capacity is a medical assessment, based upon all of the relevant evidence, of the work a claimant can perform despite his or her limitations. 20 C.F.R. §404.1545. Although the burden of proof in a disability case is on the claimant to show that he is unable to perform his usual line of work, once that fact is established, the burden shifts to the Commissioner to show that the claimant is able to perform some other kind of substantial work available in the national economy. Herron v. Bowen, 788 F. 2d 1127, 1131 (5th Cir. 1986), and cases cited therein. Also, Babineaux v. Heckler, 743 F.2d 1065, 1067 (5th Cir. 1984). The Commissioner has the burden to establish a claimant's residual functional capacity. Leggett v. Chater, 67 F.3d 558, 565 (5th Cir. 1995).

For cases at the administrative law judge hearing level, the ALJ has the responsibility for deciding a claimant's residual functional capacity. 20 C.F.R. § 404.1546, § 416.946. When making the RFC determination an ALJ must consider objective medical facts, diagnoses and medical opinion based on such facts, and subjective evidence of pain or disability testified to by the claimant or others. 20 C.F.R. § 404.1545(a). Moreover, the ALJ must specify the evidentiary basis for his RFC determination. SSR 96-8p. Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001).

The ALJ found Parks has the residual functional capacity to perform light work except for work involving lifting more than twenty pounds overhead based on her subjective complaints (Tr. p. 15). Parks contends that her work as an licensed practical nurse involved lifting patients, hanging IVs, and pushing heavy carts. Parks contends she had to lift more than 100 pounds, raise her hands over her head to do manipulations with her hands, and be available and alert on the job.

The medical evidence of record does not indicate that any doctor imposed any physical limitations on Parks, and the medical records show Parks has a nearly full range of motion in her neck. In March 2004, Dr. Hebert stated that, although Parks has degenerative disc disease at the C5-C6 level and mild osteoarthritis of the cervical spine causing a chronic cervical pain syndrome, it did not appear to significantly affect the function of Parks' upper extremities or neck (Tr. p. 127). Dr. Hebert noted that Parks was mentally alert and quite functional at her evaluation (Tr. p. 127).

At her administrative hearing, Parks testified that her work as an LPN involved pushing a heavy med cart (on rollers), lifting and turning patients, and reaching up to hang IVs (Tr. p. 343). However, in her benefits application, Parks made specific distinctions between her prior jobs, stating her work as an LPN at the prison and at the adult mental facility involved frequently

9

lifting less than ten pounds but never lifting more than ten pounds (Tr. pp. 55, 58), while her jobs as an LPN for nursing homes involved lifting and turning patients, so she frequently lifted up to 25 pounds, with the heaviest weight lifted being 100 pounds (Tr. p. 56).[2]

Since the record does not reflect that any physical limitations have been imposed on Parks by her doctors, the ALJ's finding that Parks can only do light work gave Parks the benefit of the doubt as to her subjective complaints of pain (See Tr. p. 15). Since, from Parks' own job descriptions, she has the residual functional capacity to perform her light work activity as an LPN at the prison and the adult mental facility, these grounds for relief are meritless.

Accordingly,

IT IS ORDERED that the final decision of the Commissioner is AFFIRMED and Parks' appeal is DENIED AND DISMISSED.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of July, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] Parks was 56 years old at the time of the ALJ's decision, had a GED, and was a licensed practical nurse with past relevant work experience as an LPN at a prison, nursing homes, and an adult mental facility.